UNITED STATES of America,

v.

Diogenes De Jesus SIERRA, Defendant.

No. 10 Cr. 416(VM).

United States District Court,
S.D. New York.

Feb. 7, 2013.

502

Sean Stephen Buckley, Justin A. Anderson, United States Attorney Office, New York, NY, for United States of America.

David Keith Bertan, Law Office of David K. Bertan, Esq., Bronx, NY, Steven R. Kartagener, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By a Superseding Indictment, the Government charged defendant Diogenes De Jesus Sierra ("Sierra") with: (a) one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); and (b) one count of intentionally and knowingly distributing and possessing with the intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a), 841(a)(1), and 841(b)(1)(C).

Following a mistrial on July 16, 2012 after repeated reports of deadlock in jury deliberations during the original four-day trial of this case, the Court conducted a retrial, which also lasted four days.

On October 18, 2012, the jury returned a verdict of guilty against Sierra, convicting him on both counts of the Superseding Indictment. Sierra now moves for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

■ Pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure, a defendant may move for a judgment of acquittal, following a jury verdict of guilty, on the ground that the evidence was insufficient to sustain a guilty verdict. Fed. R.Crim.P. 29(c). A defendant challenging the sufficiency of the evidence underlying his conviction "bears a very heavy burden." *United States v. Gonzalez*, 110 F.3d 936, 940 (2d Cir.1997) (internal quotation marks omitted). The Court must "view the evidence in the light most favorable to the government" and "draw all reasonable inferences in its favor." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A conviction "must be upheld if, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir.1996) (emphasis in original) (internal citations omitted); *see also Jackson*, 443 U.S. at 318–19, 99 S.Ct. 2781;

*United States v. Espaillet,* 380 F.3d 713, 718 (2d Cir.2004) ("[A] court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is non existent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.") (internal quotation marks omitted). It is "irrelevant that the judge conducting such a review personally feels that he or she would not have found guilt upon such evidence." *Espaillet,* 380 F.3d at 718. Courts must be careful to "avoid usurping the role of the jury." *United States v. Guadagna,* 183 F.3d 122, 129 (2d Cir.1999). It is settled that "Rule 29(c)does not provide the trial court with an opportunity to substitute its own determination of ... the weight of the evidence and the reasonable inferences to be drawn for that of the jury." *Espaillet,* 380 F.3d at 718. If a court "concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter." *Id.* (alteration in original).

■ Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a court, on motion of a defendant, may grant a new trial to that defendant in the interests of justice. Fed.R.Crim.P. 33. Rule 33 confers "broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice." *United States v. Sanchez,* 969 F.2d 1409, 1413 (2d Cir.1992). However, "that discretion should be exercised sparingly." *Id.* at 1414. The test is whether "it would be a manifest injustice to let the guilty verdict stand." *Id.* (internal citation omitted). There "must be a real concern that an innocent person may have been convicted." *Id.* Motions for a new trial are disfavored in the Second Circuit. *United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995).

■ Sierra has failed to meet his burden with respect to both Rule 29(c) and Rule 33. Sierra does not challenge the evidence establishing the existence of the conspiracy in this case, but instead challenges the evidence connecting him to that conspiracy. (*See* Def.'s Mem. of Law, 6, 8, 10 ("Based on these facts alone, Santos was clearly a member of a conspiracy to distribute narcotics; however, nothing in this case connected the defendant to that conspiracy.")) Once a conspiracy is shown to exist, "the evidence sufficient to link another defendant to it need not be overwhelming" for a court to sustain a guilty verdict as based on sufficient evidence. *United States v. Amato,* 15 F.3d 230, 235 (2d Cir.1994).

■ In this case, the Government presented sufficient evidence to sustain the guilty verdict delivered by the jury at retrial. The Government presented testimony and physical evidence at trial establishing that Sierra and his brother and co-conspirator, David Sierra, engaged in extensive "counter-surveillance" in the vicinity of 2771 Bainbridge Avenue ("2771 Bainbridge") on the morning of April 14, 2012. (*See, e.g.,* Tr. 39:13–52:25, 171:23–181:23, 193:17–202:3; *see also* Gov. Exs. 403, 404, 405, 406.) The Government presented testimony that, shortly after these counter-surveillance measures, Robert Santos ("Santos") was observed exiting 2771 Bainbridge carrying a blue gift bag. (Tr. 175:13–179:16). Government witnesses further testified that they followed Santos to a restaurant, where they approached him and discovered that the blue gift bag contained more than $50,000 in United States currency. (Tr. 88:10–93:11, 201:20–206:18; *see also* Gov. Exs. 401, 402.) The Government presented testimony that Sierra was observed exiting Apartment 1K in 2771 Bainbridge ("Apartment 1K") with three other individuals (Tr. 54:13–22) and that immediately thereafter, a search was conducted of that apartment, from which

law enforcement officers recovered drug distribution paraphernalia, including thousands of empty glassine envelopes, a pestle that later tested positive for the presence of heroin, a "drug ledger," several glassine envelopes already packaged with heroin, and approximately $200,000 in United States currency. (*See* Tr. 99:16–103:3, 296–308; Gov. Exs. 201, 202, 211, 220, 221.)

Government agents later compared certain names listed in the recovered drug ledger with contacts listed in the cellular phone recovered from Santos at the time of his arrest and found several matches. (*Compare* Gov. Ex. 701 at 2 *with* Gov. Ex. 220 at 9–11.) Law enforcement officers also recovered several gift bags from Apartment 1K that were similar in size and style to the blue gift bag containing over $50,000 that was recovered from Santos. (*Compare* Gov. Ex. 212 *with* Gov. Ex. 402.) The Government further presented testimony that Sierra confessed and "claimed responsibility for everything that was found in the apartment." (Tr. 143:11–13.) According to the Government's witnesses, Sierra also described "where the [drug paraphernalia] items were found," and how "he would come into the apartment and use the apartment while Sandra [Reyes] was not there." (Tr. 143:15–19; *see also* Tr. 144:5–16, 251:18–252:6, 215:3–216:8.) One witness for the Government, Nicholas Palmeri ("Palmeri"), also testified that Sierra stated Santos was a friend of the family and did errands for the family. (Tr. 146:4–6.) Palmeri failed to memorialize this admission in his post-arrest report, which instead noted that Sierra did not acknowledge knowing Santos. (Tr. 148:1–5.) However, this possible inconsistency merely raised an issue of credibility for the jury to resolve.

Sierra challenges the reliability of his confession, as well as the credibility of the Government witnesses' testimony regarding that confession. (Def.'s Mem. of Law, 10–12.) However, many of these arguments were presented to, and rejected by, the jury. (*See, e.g.,* Tr. 361:10–21.) More importantly, on a motion for acquittal the Court must "resolve all issues of credibility in favor of the jury's verdict." *United States v. Desena,* 287 F.3d 170, 177 (2d Cir.2002); *see also United States v. Abelis,* 146 F.3d 73, 80 (2d Cir.1998); *United States v. Roman,* 870 F.2d 65, 71 (2d Cir. 1989) ("[W]e will not disturb the jury's findings with respect to the witnesses' credibility, for as we have said, the proper place for a challenge to a witness's credibility is in cross-examination and in subsequent arguments to the jury, not in an appellate brief.") (internal citations and quotations omitted).

Viewing the evidence in the light most favorable to the Government, the Court finds that, pursuant to Rule 29, a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. In addition, the Court finds that Sierra has not met his burden under Rule 33 to demonstrate that it would be a manifest injustice to let the jury verdict stand. Accordingly, it is hereby

**ORDERED** that Defendant's motion for a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure is **DENIED.**

**ORDERED** that Defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure is **DENIED.**

SO ORDERED.